```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/16/2026
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:

    TERRORIST ATTACKS ON
    SEPTEMBER 11, 2001

03-MD-01570 (GBD)(SN)

**ORDER**

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

This document relates to:

    Desimone v. Islamic Republic of Iran, No. 21-cv-07679 (GBD)(SN)

One plaintiff, Alexandria Desimone, moves to amend the Desimone Plaintiffs' complaint under Federal Rule of Civil Procedure 15 to reinstate her claim for solatium damages. ECF No. 11453.[1] Alexandria is the daughter of Commander Patrick Dunn, a naval officer killed in the 9/11 Attacks on the Pentagon. She was born on March 15, 2002, six months after the Attacks. See ECF No. 11454 at 2. The Desimone Plaintiffs filed an Iran Short Form Complaint that included Alexandria's claim for solatium damages under the FSIA. No. 21-cv-07679, ECF No. 4 ("Desimone Complaint"), App. 1.

After certain decisions in this litigation addressed the availability of solatium damages to immediate family members, Alexandria voluntarily dismissed without prejudice her claim on May 28, 2024. See ECF No. 9836 at 1–2; ECF No. 11454 at 2. On April 29, 2025, the Court of Appeals for the District of Columbia Circuit issued its decision in K.E.F.V. v. Islamic Republic of Iran, 135 F.4th 988 (D.C. Cir. 2025). The court held that "children who are in utero at the time a parent is killed in a terrorist attacks and who are later born may seek solatium under the FSIA."

---

[1] Unless otherwise noted, all ECF numbers refer to the main MDL docket, No. 03-md-01570.

Id. at 996. "In view of the decision in K.E.F.V.," Alexandria now "requests leave to amend so she may have the opportunity to present her claim for solatium damages as originally pleaded" in the Desimone Complaint. ECF No. 11454 at 3.

Federal Rule of Civil Procedure 15(a)(2) permits a party to amend its complaint with the court's leave and directs courts to "freely give leave when justice so requires." The decision to permit amendment is committed to the discretion of the court, McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007), but granting "leave to amend is the 'usual practice,'" Bank v. Gohealth, LLC, No. 21-cv-1287, 2022 WL 1132503, at *1 (2d Cir. Apr. 18, 2022) (quoting Hayden v. Cnty. of Nassau, 180 F.3d 42, 53 (2d Cir. 1999)). Amendment should be permitted "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962).

The Court does not find any reason to deny leave to amend. Iran would not be unduly prejudiced by the proposed amendment because it has not answered the Desimone Complaint or appeared in this litigation. While this Order makes no decision on the merits of Alexandria's solatium claim, the fact that the proposed amendment may increase Iran's "exposure to potential liability [is] not the type of prejudice that warrant[s] denial of leave to amend the complaint." In re Osage Expl. Co., 104 F.R.D. 45, 49 (S.D.N.Y. 1984). Moreover, Alexandria did not file the proposed amendment in bad faith or with a dilatory motive, and the amendment would not unduly delay this litigation.

## CONCLUSION

For the above reasons, Alexandria Desimone's motion to amend is GRANTED, and it further ORDERED that:

- Appendix 1 of the Desimone Complaint, No. 21-cv-07679, ECF No. 4, is amended to reinstate Alexandria Desimone's claim as set forth in Exhibit A to the proposed order, ECF No. 11455-1; and

- The Desimone Plaintiffs shall comply with the Clerk of the Court's instructions as set forth in ECF No. 4295 for the addition of plaintiffs to the case listed above in the Court's ECF and docketing system.

The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 11453 and ECF No. 106 in Desimone, No. 21-cv-07679.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED:   January 16, 2026
         New York, New York

3